MATTIONI, LTD
BY:   George R. Zacharkow
        Stephen J. Galati, Esquire
        Attorney Identification Nos. GZ7099, SG0492
1316 Kings Highway
Swedesboro, NJ 08085
Ph. 856-241-9779
Fax.: 856-241-9989
E-mail: gzacharkow@mattioni.com
       sgalati@mattioni.com
*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| Lee Welded Mesh Singapore Pte Ltd.<br>No 7 Toas Avenue 16, Jurong<br>Singapore 638934<br>   and<br>QBE Insurance (International) Ltd.<br>60 Anson Road #11-01<br>Mapletree Anson<br>Singapore 079914<br>          Plaintiff(s)<br>   v.<br>M/V DD VICTORY, her engines, machinery, tackle, apparel, etc.<br>   and<br>DD Shipping Limited S.A.<br>2nd Floor building 1<br>Snegovaya Street 1<br>Vladivostok, 690087, Russian Federation<br>   and<br>Sound Travel SA<br>c/o DD Shipping Ltd SA<br>World Trade Center,<br>Apdo 0832-0588, Panama City, Panama<br>          Defendant(s) | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br><br><br>C.A. No.: |

### VERIFIED COMPLAINT IN ADMIRALTY IN REM AND IN PERSONAM

Plaintiffs, by and through their undersigned attorneys, bring this civil action against Defendants and upon information and belief aver as follows:

1. Plaintiffs bring this suit against Defendants under the provisions of 28 U.S.C. Section 1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the specific procedures of said Rules relative to admiralty actions.

2. Venue lies within this District pursuant to the provisions of 28 U.S.C. Section 1391 and under the provisions of the General Maritime Law.

3. At all times material hereto, Plaintiff, Lee Welded Mesh Singapore Pte Ltd., (hereinafter "Lee Welded Mesh" or "Plaintiff"), with offices at the address set forth in the caption, was and is a business entity duly organized and existing under the laws and was and is a shipper and/or consignee and/or importer and/or receiver of the cargo hereinafter mentioned, *inter alia*.

4. At all times material hereto, Plaintiff, QBE Insurance (International) Ltd. (hereinafter "QBE" or "Plaintiff"), with offices at the address set forth in the caption, was and is a business entity duly organized and existing under the laws and was and is an insurance company who issued a policy of insurance to Lee Welded Mesh or others for the cargo hereinafter mentioned.

5. Upon information and belief, at all times hereinafter mentioned, the Defendant M/V DD VICTORY (hereinafter "vessel"), was and still is a vessel operated as a common and/or private carrier of goods in ocean transportation and upon information and belief, she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

6. Upon information and belief, at all times material hereto, Defendant, DD Shipping Limited S.A. (hereinafter "DD Shipping" or "Defendant"), was and still is a business entity duly organized and existing under the law, with the address set forth in the caption, and was the beneficial owner and/or disponent owner and/or charterer and/or manager and/or operator of the vessel.

7. Upon information and belief, at all times material hereto, Defendant, Sound Travel S.A. (hereinafter "Sound Travel" or "Defendant"), was and still is a business entity duly organized and existing under the law, with the address set forth in the caption, and was the owner and/or disponent owner and/or charterer and/or manager and/or operator of the vessel.

8. Plaintiff Lee Welded Mesh was the shipper and/or consignee and/or owner of the cargo described within.

9. Plaintiff QBE, has made a payment to Lee Welded Mesh or others for the losses and damages to the cargo hereinafter described, and is subrogated to the interests of Lee Welded Mesh and/or others to the extent of the payment.

10. Lee Welded Mesh and QBE bring this action on their behalf and as agents and trustees on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

11. Plaintiffs and all other parties in interest have duly performed all valid conditions precedent to the contracts of carriage on their part to be performed.

12. At all times material hereto, Defendant were and are now engaged in the business of common and/or private carriage of merchandise by water for hire and owned, operated, managed, chartered, possessed and/or controlled various vessels, including the vessel, as

common and/or private carriers of merchandise for hire.

13. Upon information and belief, vessels owned, operated, managed, chartered, possessed and/or controlled by Defendants have used the ports of the State of New Jersey, discharged and loaded cargo therein, been supplied services and stores therein, and Defendants are subject to service of process under the applicable admiralty practice and the statutes of the State of New Jersey.

## COUNT I

14. Plaintiffs incorporate by reference the averments contained in all preceding paragraphs of the Complaint, inclusive, with the same force and effect as if fully set forth herein.

15. On or about July 9, 2011, at the Port of ICDAS Turkey Port, (hereinafter "port of loading") there was shipped and delivered to the vessel and Defendants as common and/or private carriers, a cargo of Hot Rolled High Tensile Deformed Steel Bar ("cargo") then being in good order and condition and the vessel and Defendants then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, executed and delivered certain bills of lading including but not limited to bill of lading 1 (attached as Exhibit A), or other contracts of carriage, signed and delivered to the shippers of said cargo by Defendants, or by the Master of the vessel and/or his duly authorized agent, agreed to transport and carry the said shipment to the destination stated therein and there, deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in the bill of lading, or to the consignee's order.

16. Thereafter, Defendants loaded the said merchandise on the vessel, which having on board said merchandise sailed from the port of loading and arrived at the port of Singapore but the cargo was not in the same good order and condition as when delivered to Defendants and

the vessel, but rather, the cargo was seriously impaired in value by reason of sustaining physical damage, including rust, and/or shortage, *inter alia*.

17. The loss of and damage to the cargo was not caused by any act or omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the unseaworthiness of the vessel and the violation of Defendants' duties and obligations as common carriers by water for hire, and/or private carriers by water for hire, and the breach of Defendants' contracts of carriage and other agreements with Plaintiffs or others.

18. By reason of the unseaworthiness of the vessel, and/or Defendants' violation of their duties as common and/or private carriers and/or by reason of Defendants' breach of the contracts of carriage and other agreements with Plaintiffs or others, Plaintiffs have sustained damages presently estimated to be in excess of One Million Eight Hundred Thousand Dollars ($1,800,000.00) plus interest, costs and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

19. By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorney's fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular the matters herein.

(c)     If Defendants cannot be found within this District, then all of their property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## COUNT TWO

20.     Plaintiffs incorporate by reference the averments of all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein.

21.     The loss of and damage to the cargo was caused by the carelessness, negligence, breach of duty or breach of warranty and lack of due care of Defendants.

22.     By reason of the Defendants' carelessness, negligence, breach of duty or breach of warranty and lack of due care, Plaintiffs have sustained damages presently estimated to be in excess of One Million Eight Hundred Thousand Dollars ($1,800,000.00) plus interest, costs and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

23.     By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorney's fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b) Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular the matters herein.

(c) If Defendants cannot be found within this District, then all of their property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the above claimed damages.

(d) Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e) The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

MATTIONI, LTD.

By: _____
GEORGE R. ZACHARKOW
STEPHEN J. GALATI
Attorney for Plaintiffs

Date: February 10, 2012

Of Counsel:
Martin F. Casey, Esquire
Casey & Barnett, LLC
65 West 36th Street, 9th Floor
New York, NY 10018

## VERIFICATION BY WAY OF UNSWORN DECLARATION

I am a member of the law firm of Mattioni, Ltd., counsel for the Plaintiff(s), in this matter. I make this certification pursuant to and in compliance with Supplemental Rules B and C and the local admiralty rules of the United States District Court for the District of New Jersey.

Plaintiffs are business entities and there are no authorized representative of the Plaintiffs readily available in the District to make this verification and/or due to time constraints Plaintiffs are unable to execute this declaration; I am authorized to make this Declaration on behalf of Plaintiffs; the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, except as to matters therein stated upon information and belief, and as to these matters, I believe them to be true; the sources of my information and the grounds of my belief are documents in the possession of my firm and reports made to me by officers, employees, representatives and agents of Plaintiffs.

I further verify that, to the best of my information and belief, Defendant Sound Travel SA is the owner of the Defendant vessel, and neither Defendant can be found within this District. As counsel for Plaintiffs, we have checked the on-line telephone directory for the State of New Jersey, have checked the New Jersey Corporations Bureau and have checked the Port Directory for the Port of Philadelphia and have found no references to existence of an office, telephone, mail drop or resident agent for service of process for any Defendant within the State of New Jersey.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on February 10, 2012 at Philadelphia, PA.

Stephen J. Galati

# EXHIBIT A

**SHIPPER**

ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI A.S.
34212 GUNESLI BAGCILAR,
ISTANBUL TURKEY

**CHARTER PARTY**
**BILLS OF LADING**

B/L NO  1

**CONSIGNEE**

TO ORDER OF DBS BANK LTD., SINGAPORE

THE NAME OF THE MASTER OF M/V DO VICTORY:
CAPTAIN ZAREMBSKIY KONSTANTIN

**NOTIFY ADDRESS**

LEE WELDED MESH SINGAPORE PTE LTD
NO 7 TUAS AVENUE 16, JURONG
SINGAPORE 638934

**ORIGINAL**

| The Vessel Name | Port Of Loading |
|---|---|
| M/V DO VICTORY | ICDAS TURKEY PORT |

**Port Of Discharge**

SEMBAWANG PORT, SINGAPORE

Shipper's Description Of Goods                                                    Gross Weight

BRIEFLY DESCRIBING GOODS LOADED ON BOARD VESSEL
HOT ROLLED HIGH TENSILE DEFORMED STEEL BAR                DATE LOADED: 09.07.2011 SHIPPED ON BOARD UNDER DECK

TOTAL QUANTITY (THEORETICAL WEIGHT): 25,711.740 MT
TOTAL NUMBER OF BUNDLES: 12884
ACTUAL WEIGHT: 25,015.300 MT

| SIZE | LENGTH | QUANTITY PER SIZE (THEORETICAL WEIGHT) | NUMBER OF BUNDLE PER SIZE |
|---|---|---|---|
| 16MM | 12M | 989.640 MT | 500 |
| 16MM | 12M | 1,393.550 MT | 700 |
| 20MM | 12M | 3,574.584 MT | 1800 |
| 25MM | 9M | 393.035 MT | 199 |
| 25MM | 10M | 394.394 MT | 197 |
| 25MM | 11M | 591.184 MT | 297 |
| 25MM | 12M | 4,398.332 MT | 2214 |
| 25MM | 13M | 482.462 MT | 241 |
| 32MM | 8M | 527.011 MT | 281 |
| 32MM | 9M | 834.813 MT | 420 |
| 32MM | 10M | 508.838 MT | 252 |
| 32MM | 11M | 841.388 MT | 418 |
| 32MM | 12M | 4,005.407 MT | 2065 |
| 32MM | 13M | 529.586 MT | 269 |
| 32MM | 14M | 503.691 MT | 249 |
| 40MM | 8M | 291.856 MT | 148 |
| 40MM | 9M | 475.855 MT | 233 |
| 40MM | 10M | 476.309 MT | 231 |
| 40MM | 11M | 464.274 MT | 235 |
| 40MM | 12M | 3,457.885 MT | 1718 |
| 40MM | 13M | 466.059 MT | 237 |
| TOTAL | | 25,711.740 MT | 12884 |

ERAS TASIMACILIK
INSAAT ve TICARET

CHARTER PARTY dated ................................ 02.07.2011

FREIGHT ADVANCE
Received on account of freight

FREIGHT PREPAID

PLACE AND DATE OF ISSUE
ISTANBUL 09.07.2011

NUMBER OF ORIGINAL B/L
3 (THREE)

SIGNATURE
AS AGENT FOR AND ON BEHALF OF THE MASTER,
CAPTAIN ZAREMBSKIY KONSTANTIN

ERAS TASIMACILIK
INSAAT ve TICARET

CHARTER PARTY
**BILLS OF LADING**
TO BE USED WITH CHARTER-PARTIES
CODE NAME "CONGENBILL"
EDITION 1994
ADOPTED BY
THE BALTIC AND INTERNATIONAL MARITIME COUNCIL (BIMCO)

## Conditions of Carriage

(1) All terms and conditions, liberties and exceptions of the Charter Party, dated as overleaf, including the Law and Arbitration Clause are herewith incorporated.

(2) General Paramount Clause

(a) The Hague Rules contained in the International Convention for the Unification of certain rules relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of shipment, shall apply to this Bill of Lading. When no such enactment is in force in the country of shipment the corresponding legislation of the country of destination shall apply but in respect of shipments to which no such enactments are compulsory applicable, the terms of the said Convention shall apply.

(b) Trades where Hague-Visby Rules apply.
In trades where the international Brussels Convention 1924 as amended by the Protocol signed at Brussels on February 23rd 1968 – the Hague Visby Rules – apply compulsorily, the provisions of the respective legislation shall apply to this Bill of Lading.

(c) The Carrier shall in no case be responsible for loss or damage to the cargo, howsoever arising prior to loading into and after discharge from the Vessel or while the cargo is in the charge of another Carrier, nor in respect of deck cargo or live animals.

(3) General Average

General Average shall be adjusted, stated and settled according to York-Antwerp Rules 1994, or any subsequent modification thereof, in London, unless another place is agreed in the Charter Party.
Cargo's contribution to General Average shall be paid to the Carrier even when such average is the result of a fault, neglect or error of the Master, Pilot or Crew. The Charterers, Shippers and Consignees expressly renounce the Commercial Code, Part II, Art. 148.

(4) New Jason Clause.

In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequence of which, the Carrier is not responsible by statute, contract or otherwise, the cargo, shippers, consignees or the owners of the cargo shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be or incurred and shall pay salvage and special charges incurred in respect of the cargo. If a salving vessel is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving vessel or vessels belonged to strangers. Such deposit as the Carrier, or his agents, may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the cargo, shippers consignees or owners of the goods to the Carrier before delivery.

(5) Both-to-Blame Collision Clause

If the Vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the Master, Mariner, Pilot or the servants of the Carrier in the navigation or in the management of the Vessel, the owners of the cargo carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her owners in so far as such loss or liability represents loss of, or damage to, or any claim whatsoever of the owners of said cargo, paid or payable by the other or non carrying vessel or her owners of said cargo and set-off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying Vessel or the Carrier.

The foregoing DELIVER TO THE ORDER where the owners, operators of those in charge of any vessel or vessels or objects other than, or in addition to, the colliding vessels or objects are at fault in respect of a collision or contract.
Lee Welded Mesh Singapore Pte Ltd
Upon payment of all charges
For DBS BANK LTD

For particulars of cargo, freight Destination, etc., see overleaf.